IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIM. NO. 06-00080 (02) SOM |
|---|---|---|
| | ) | CIV. NO. 13-00178 SOM/KSC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING VARIOUS MOTIONS |
| | ) | FILED AFTER THE COURT DENIED |
| RODNEY JOSEPH, JR. (02), | ) | DEFENDANT RODNEY JOSEPH'S |
| | ) | MOTION UNDER 28 U.S.C. § 2255 |
| Defendant. | ) | |

**ORDER DENYING VARIOUS MOTIONS FILED AFTER THE COURT DENIED DEFENDANT RODNEY JOSEPH'S MOTION UNDER 28 U.S.C. § 2255**

**I.    INTRODUCTION.**

Defendant Rodney Joseph, Jr., has been a prolific pro se filer. On February 27, 2014, the court deemed multiple filings to be Joseph's petition under 28 U.S.C. § 2255 and denied the same. See ECF No. 1537. Because of the numerous and confusing filings in this case, the court refrained from entering judgment, informing Joseph that, if the court had neglected to rule on any issue raised in his § 2255 petition, he could so inform the court. Id. On May 1, 2014, Joseph submitted what he says is a list of issues that the court did not rule on but were raised in his § 2255 petition. See ECF No. 1560. Because none of these issues was actually raised in his petition (instead having been raised in a portion of his reply that the court did not consider because the reply clearly exceeded the applicable page limitation, see ECF No. 1532), the court declines to reach

the merits of those issues. The issues are not procedurally before this court.

On March 28, 2014, Joseph sought reconsideration of the court's order denying his § 2255 petition. See ECF No. 1546. Because Joseph fails to demonstrate any reason supporting reconsideration of that order, his motion for reconsideration is denied.

On April 17, 2014, Joseph sought leave to file an amended § 2255 petition and to vacate the court's earlier order denying his original petition to allow him to proceed with his proposed amended petition. See ECF Nos. 1550 and 1551. The court denies those requests.

**II.     ANALYSIS.**

    **A.     Joseph Fails to Identify Any Properly Raised Issue That This Court Failed to Address in the Court's Order of February 27, 2014.**

Given the length and lack of clarity in what the court deemed to be Joseph's § 2255 petition, the court refrained from immediately entering judgement and instead allowed Joseph to identify any issue raised in his motion that had not been ruled on by the court in its order of February 27, 2014. See ECF No. 1537, PageID # 16195.

On May 1, 2014, Joseph identified 12 issues that he says were raised in his § 2255 petition but not addressed in the

2

court's order of February 27, 2014.  See ECF No. 1560.  It turns out that none of these issues was raised in Joseph's § 2255 petition.  Instead, they were raised for the first time in his reply brief of February 18, 2014.  Filed in support of his § 2255 petition, this reply brief bore the title "Petitioner Rodney Joseph's, Jr.'s Combined Objections and Rebuttal to the Government's Response and Exhibits to His Unamended 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody."  See ECF No. 1530.

On February 19, 2014, the court informed Joseph that, because his reply exceeded the 3,000-word limit the court had set in its minute order of December 18, 2013, see ECF No. 1521, the court would not consider anything after page 15 in that 108-page document.  See ECF No. 1532.  In the minute order of December 18, 2013, the court had also cautioned Joseph that his reply memorandum was "limited to matters that were timely raised in Joseph's § 2255 motion."

Each of the arguments that the court supposedly failed to address in denying Joseph's § 2255 petition was raised after page 15 of his reply brief.  See ECF No. 1560.  The earliest identified issue was raised beginning on page 49 of that brief. See id., PageID # 16396, describing issue raised in ECF No. 1530-

6, PageID # 16076 (Ground 10, Part A, Ineffective Counsel Failure to Impeach Witnesses in Proving Racketeering Enterprise). The remaining issues that Joseph claims this court failed to address are raised after page 61 of that brief. See ECF No. 1560, PageID # 16397. The issues that Joseph says the court failed to address are all raised in a part of his reply that this court did not consider because it violated this court's order regarding the length of that document. Moreover, Local Rule 7.4 provides for the court to disregard any issue raised for the first time in a reply brief. This court therefore declines to rule on the issues Joseph now identifies as not having been ruled on.

**B. Joseph's Motion for Reconsideration is Denied.**

As courts have noted on many occasions, "[j]udges are not like pigs, hunting for truffles buried in briefs." Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991); Seto v. Thielen, 2010 WL 2609055 (D. Haw. June 25, 2010); Pauline v. Patel, 2009 WL 454653, *5 (D. Haw. Feb. 23, 2009); Valvanis v. Milgroom, 2008 WL 2164652, *6 n.13 (D. Haw. May 22, 2008). Joseph's motion for reconsideration, ECF No. 1546, essentially asks this court to go on a truffle hunt. If there is a truffle to be found, the court has not discovered it.

4

Joseph's reconsideration motion makes no attempt to satisfy the requirements of Rule 60 of the Federal Rules of Civil Procedure. That rule permits relief from final judgments, orders, or proceedings based on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions are committed to the discretion of this court. See Barber v. Haw., 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

To the extent Joseph argues that he was actually innocent, that he acted in self-defense, that the conspiracy

ended before he killed anyone, or that the gambling paraphernalia introduced at trial was obtained by the Government and actually manufactured after the conspiracy had ended, Joseph fails to demonstrate how any of this evidence merits relief.

First, evidence that Joseph had prior to the entry of judgment in his criminal case is not newly discovered. See Feature Realty, Inv. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003). To the extent Joseph relies on facts he himself attests to in his own affidavit, Joseph had those facts available to him at trial. Certainly he had them or could have obtained them by the time he filed his § 2255 petition. He makes no showing that those facts have only now been "newly discovered" such that reconsideration of the court's order denying his § 2255 petition is justified. For example, to the extent Joseph relies on trial testimony by Faimafili Lulu on February 10, 2009, as demonstrating that Joseph was kicked out of the enterprise when he was told that he was no longer needed for security, see ECF No. 1236, PageID # 9066, that testimony was available to Joseph and the jury years ago, as well as on appeal and when Joseph filed his § 2255 petition. It cannot now be "new evidence" justifying a claim of actual innocence, especially when the Ninth Circuit has already determined that there was sufficient evidence

6

to support Joseph's convictions.  See ECF No. 1341, PageID #s 13480-82.

Second, Joseph's mere disagreement with the court's evaluation of his claims, including those based on actual innocence, failure to disclose evidence, use of a dying declaration, and self-defense, are not valid bases for a reconsideration motion.  Waikoloa Dev. Co. v. Hilton Resorts Corp., 2014 WL 3735446, *3 (D. Haw. July 25, 2014); Pac. Stock, Inc. v. Pearson Educ., Inc., 927 F. Supp. 2d 991, 1005 (D. Haw. 2013).

For example, Joseph argues that a rope found in a victim's vehicle demonstrates that Joseph was right in believing that the victim meant him harm.  This argument was addressed by this court in its order of February 27, 2014.  As this court noted earlier, not only was there overwhelming evidence of Joseph's guilt, Joseph did not even know about this rope when he shot the victim.  The presence of the rope therefore could not establish that Joseph acted in self-defense.  It would be pure speculation to posit that the jury would have changed its verdict and found Joseph not guilty based on a rope that Joseph did not know existed when he fired his gun.

Third, Joseph's reliance on McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), is misplaced. In that case, the Supreme Court held that a credible showing of actual innocence may allow a prisoner to pursue constitutional claims such as ineffective assistance of counsel claims notwithstanding the existence of a procedural bar to relief. Id. at 1931-32. The Ninth Circuit has explained that actual innocence, if proved, serves as the gateway through which a petitioner may pass when there is a procedural bar or the limitations period has expired. Stewart v. Cate, __ F.3d __, 2014 WL 1707033 (9th Cir. May 1, 2014) (quoting McQuiggin, 133 S. Ct. at 1928). But such gateways are the rare case, as petitioners do not meet the threshhold requirements for passing through them unless they "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). As the Supreme Court stated, "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin, 133 S. Ct. at 1936 (quoting Schlup, 513 U.S. at 316).

Joseph argues that he is actually innocent of the charges because: 1) the Government's witnesses fabricated evidence and testimony of the gambling acts committed by Joseph, as Joseph now claims to have been in Oklahoma or New York when those acts occurred; 2) his involvement in the enterprise ended before the assault and murder occurred; and 3) he acted in self-defense. But Joseph does not rely on evidence that would have been sufficient to convince any juror of his innocence or sufficient to undermine this court's confidence in the outcome of the trial. Instead, he simply relies of conclusory allegations and his own affidavit (which was attached to his reply brief, raising claims made for the first time in violation of Local Rule 7.4). Joseph did not present evidence at trial showing that he was in Oklahoma or New York at times relevant to this case. He chose not to testify at trial. This was clearly his right, and the court is by no means questioning the exercise of that right. But having been convicted, he may not prevail by arguing that, if only the jury had known that he feared for his own safety, the jury would have determined that he had acted in self-defense. Nor may he prevail on reconsideration with the argument that government witnesses lied at trial about what he did, as Joseph would have known at trial about those lies. Joseph could have

brought up those alleged lies at trial and on appeal. His present claim of innocence, coming only after he was convicted and after that conviction was affirmed on appeal, is inexplicably tardy.

Finally, Joseph's argument about the gambling paraphernalia that he says was actually obtained after the conspiracy had ended is unpersuasive. Joseph does not show how the paraphernalia differed materially from items actually in use during the conspiracy such that he was prejudiced at trial.

### C. Joseph's Requests for Leave to File an Amended § 2255 petition and to Vacate the Court's Denial of the Original Motion to Allow Him to Proceed With the Proposed Amended Motion are Denied.

On April 17, 2014, Joseph filed a motion seeking leave to file an amended § 2255 petition. See ECF No. 1550. That same day, he also filed a motion seeking to vacate the court's order of February 27, 2014, denying his original § 2255 petition. This second motion sought permission to proceed with a proposed amended § 2255 petition. See ECF No. 1551.

First, any amended petition filed in 2014 would be untimely. Section 2255(f) includes the limitation period for seeking relief under § 2255. That period has long since expired.

Second, to the extent Joseph's proposed amended petition constitutes a second or successive petition, he may not

10

file such a petition absent certification from the Ninth Circuit. See 28 U.S.C. § 2255(h).

Third, even if this court examines Joseph's request to file an amended § 2255 petition under Rule 15(a)(2) of the Federal Rules of Civil Procedure, this court is unpersuaded. That rule cautions that courts should freely give such leave "when justice so requires." In deciding whether to allow such an amendment, courts examine "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Caleron, 59 F.3d 815, 845 (9th Cir. 1995). Justice does not require this court to allow Joseph to amend his § 2255 petition. To the contrary, Joseph's proposed amendment would cause undue delay, as he did not seek amendment of his § 2255 petition until after this court had denied his original motion.

Moreover, Joseph's proposed amended petition would be futile. Most of the claims raised in the proposed amended § 2255 petition have already been rejected in the court's order of February 27, 2014. Joseph may not relitigate those claims as if the court has not ruled on them. Nor may Joseph raise new untimely claims after the court has decided the original § 2255 petition. Joseph fails to explain why any such claims were not

11

asserted earlier.  To the extent Joseph seeks to assert a claim of actual innocence based the presence of a rope in the victim's van, that claim does not qualify for the exception to the procedural bar for raising it articulated in McQuiggin.  As discussed above, Joseph has not alleged facts sufficient to undermine the court's confidence in the outcome of the trial or to persuade the court that no reasonable juror would have found him guilty beyond a reasonable doubt.

Finally, to the extent Joseph complains that this judge may not have written the order of February 27, 2014, he is simply incorrect.

### L. The Court Declines to Issue a Certificate of Appealability Based on Any Argument Raised After this Court Entered its Order of February 27, 2014

The court continues to decline to grant Joseph a certificate of appealability.  No reasonable jurist would find this court's assessment of the merits of Joseph's constitutional claims debatable or wrong.  Nor would any reasonable jurist determine that the various procedural grounds for denying Joseph's § 2255 petition are debatable.

## III. CONCLUSION.

Defendant Rodney Joseph, Jr., was asked to identify any issue that this court missed in denying his petition under 28

U.S.C. § 2255. On May 1, 2014, Joseph identified 12 issues he says were raised in his § 2255 petition but were not ruled on. See ECF No. 1560. Because none of these issues was actually raised in his motion, instead having been raised in a portion of his reply that the court expressly declined to consider because it far exceeded the length limitation imposed by the court, this court declines to reach the merits of those untimely and procedurally improper issues.

To the extent Joseph seeks reconsideration of the court's order denying his § 2255 petition, see ECF No. 1546, that motion is denied because Joseph fails to demonstrate any reason supporting reconsideration.

To the extent Joseph seeks leave to file an amended § 2255 petition, an order vacating the court's earlier ruling denying his original petition, and leave to proceed with his proposed amended petition, see ECF Nos. 1550 and 1551, those motions are denied.

As noted above, the court again declines to issue a certificate of appealability.

The Clerk of Court is directed to enter judgment against Joseph with respect to his § 2255 petition and to close Joseph's § 2255 case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 9, 2014.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


United States of America v. Joseph, Crim. No. 06-00080 SOM (02); ORDER DENYING VARIOUS MOTIONS FILED AFTER THE COURT DENIED DEFENDANT RODNEY JOSEPH'S MOTION UNDER 28 U.S.C. § 2255.